[No. 37946. Department Two. June 24, 1965.]

J. P. TONKOFF, *Appellant*, v. ROSE COSCIA *et al., Respondents.**

*J. P. Tonkoff*, pro se.

*G. E. Clark*, for respondents.

PER CURIAM.—This is an action to recover the balance due upon a loan.

Defendants admitted the loan and affirmatively alleged that plaintiff, by written instrument, forgave the balance due and made a gift thereof sometime prior to the institution of this action. Plaintiff denied the affirmative defense and asserted that the written document purporting to forgive the indebtedness was involuntary and without intent to make a gift.

The evidence upon the crucial issue was in conflict. The trial court adjudged that plaintiff voluntarily and intentionally made a gift of the unpaid balance. Plaintiff's claim was accordingly dismissed.

On appeal, plaintiff challenges the trial court's findings of fact and conclusions of law as they relate to the interpretation, intent, and voluntariness of the written instrument in question. In essence, plaintiff contends that the trial court's finding of the elements of a gift is not supported by the requisite quantum of proof and that the trial court incorrectly construed the written document.

No useful purpose would be served by detailing the discordant testimony, and no precedent would be established by reciting the law relating to *inter vivos* gifts. Suffice it to say that we have carefully reviewed the evidence and the contentions of plaintiff with respect thereto, and are satisfied that the evidence supports the findings and that the findings in turn support the conclusions of law. Under such circumstances, we will not disturb the judgment. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Bland v. Mentor*, 63 Wn.2d 150, 385 P.2d 727 (1963); *Macchia v. Salvino*, 64 Wn.2d 951, 395 P.2d 177 (1964); *Western Properties, Inc. v. Barksdale*, 65 W.D.2d 592, 399 P.2d 16 (1965).

The judgment is affirmed.

*Reported in 403 P.2d 668.